**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| PATRICK F. TAVENNER, *et al.*, ) | Case No. 1:25-cv-1266 |
| ) | |
| Plaintiffs, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Reuben J. Sheperd |
| LORAIN COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

Plaintiffs Patrick and Meredith Tavenner bring this lawsuit against Lorain County, Ohio, the Lorain County Board of Commissioners, and two individuals from the office of the Lorain County Engineer for an alleged taking in violation of the Constitution, the Ohio Constitution, and Section 1983. Plaintiffs allege that Defendants acted unconstitutionally and illegally by attempting to acquire an interest in their real property through a ditch improvement project without paying just compensation. Defendants move to dismiss for failure to state a claim. For the following reasons, the Court **GRANTS** that motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Patrick F. Tavenner and Meredith S. Tavenner own property in Lorain County, Ohio. (ECF No. 1, ¶ 8, PageID #3.) Defendant Lorain County is a political subdivision of the State of Ohio and has no recorded easement over Plaintiff's property. (*Id.*, ¶¶ 9–10, PageID #3.) Lorain County now "desire[s] to acquire interests" in Plaintiffs' real property through the implementation of a ditch

improvement project, which "plans to alter and change the natural watershed." (*Id.*, ¶ 11, PageID #3.) The project will cross Plaintiffs' property and burden it with a "perpetual drainage easement." (*Id.*) Implementation of the project will cause injury and damages to Plaintiffs' property. (*Id.*)

The complaint alleges that Lorain County, through its legislative and administration decisions, has established an official governmental policy of "seeking to wrongfully take" Plaintiffs' property without just compensation to benefit political cronies. (*Id.*, ¶ 12, PageID #3–4.) Through its policies, the complaint alleges that Lorain County "intentionally" caused financial injury and harm to Plaintiffs for the last eight years by attempting to implement four identical ditch petitions, with the first three petitions having been abandoned. (*Id.*, ¶ 13 PageID #4.)

According to the complaint, Defendants' actions have caused Plaintiffs to suffer concrete injury and damage, including the right to enjoy their land without governmental encroachment, trespass, nuisance, injury, and the perpetual burdens or drainage easements being placed on their property. (*Id.*, ¶ 19, PageID #5.) As a direct and proximate result of the illegal and unconstitutional actions by Defendants, Plaintiffs claim they are entitled to damages in an amount in excess of $750,000 plus liabilities. (*Id.*, ¶ 21, PageID #6.)

Based on these facts, Plaintiffs sued Lorain County, the Lorain County Board of Commissioners, Lorain County Engineer Ken Carney, and Lorain County Chief Deputy Engineer Peter Zwick for violation of the Takings Clause of the Fifth Amendment, the Ohio Constitution, State law, and Section 1983. (ECF No. 1.)

Although the complaint mentions the Ohio Constitution and State law (*id.*, ¶¶ 12, 14 & 18, PageID #3–5), Plaintiffs assert only two claims: (1) a taking in violation of the Fifth Amendment (Count One) (*id.*, PageID #3); and (2) violation of Section 1983 (*id.*, PageID #6). Therefore, notwithstanding the references to the Ohio Constitution and State law, the Court reads the complaint as not bringing any State-law claims. Defendants move to dismiss the complaint for failure to state a claim. (ECF No. 10.)

## ANALYSIS

Under Rule 12(b)(6), a court may dismiss a complaint if it fails to state a claim on which a court may grant relief. Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) tests "the plaintiff's cause of action as stated in the complaint," and is "not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5.

On a motion to dismiss, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852

(6th Cir. 2015) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). But a pleading must offer more than mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is a court required to accept "[c]onclusory allegations or legal conclusions masquerading as factual allegations." *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 544).

Therefore, the Court must distinguish between "well-pled factual allegations," which must be treated as true, and "naked assertions," which need not be. *Iqbal*, 556 U.S. at 678 (cleaned up); *see also, e.g.*, *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (determining that because some of the plaintiff's factual allegations were not well-pled, their conclusory nature disentitled them to the presumption of truth). A plaintiff need not include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

I. **Judicial Notice**

Plaintiffs ask that the Court take judicial notice of three previous Lorain County Common Pleas Court cases and included all the documents filed in those proceedings to their response to Defendants' motion to dismiss. (ECF No. 12.) "A court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Plaintiffs ask that the Court take

4

judicial notice of the documents from the previous State court proceedings. But "courts do not take judicial notice of documents, they take judicial notice of facts." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020). Plaintiffs fail to articulate the specific facts that the Court should judicially notice. Instead, Plaintiffs include the State court dockets and documents in their motion without any other context. Accordingly, the Court will not take judicial notice of the State court documents.

## II. The Alleged Taking

Based on the Court's review of the complaint and the parties' briefs, Plaintiffs' claims for the taking under the Constitution, the Ohio Constitution, and Section 1983 all proceed from the same facts. Specifically, Plaintiffs allege that Lorain County, in pursuit of an official policy, "seek to deprive" Plaintiffs of their real property rights and interests through implementation of a ditch improvement project. (ECF No. 1, ¶ 4, PageID #2.) Plaintiffs contend that, because they have not received just compensation for the taking of their property, Defendants have violated the Takings Clause of the Fifth Amendment, the Fourteenth Amendment, and Section 19, Article 1, of the Ohio Constitution. (*Id.*, ¶¶ 11–21, PageID #4–6.) For Plaintiffs' Section 1983 claim they incorporate by reference the same facts that form the basis of their taking claim. (*Id.*, ¶¶22–25, PageID #6–7.) Therefore, the Court analyzes the claims together.

The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V; *see Cedar Point Nursery v.*

*Hassid*, 594 U.S. 139, 147 (2021). "[A] property owner has a claim for a violation of the Takings Clause as soon as a government takes [their] property for public use without paying for it." *Knick v. Twp. of Scott*, 588 U.S. 180, 189 (2019). "If a local government takes private property without paying for it, then that government has violated the Fifth Amendment." *Id.* "And the property owner may sue the government at that time in federal court for the 'deprivation' of a right 'secured by the Constitution." *Id.* (citing 42 U.S.C. § 1983). This is true for both physical and regulatory takings. *Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 387 (6th Cir. 2022).

Under these standards, the Court concludes that the complaint, construed in Plaintiffs' favor, fails to plead that a taking of a property has occurred. Plaintiffs' allegations are about what Defendants *wish* to do and what will *likely* happen if the ditch improvement project moves forward. (ECF No. 1, ¶¶ 11–13, PageID #3–4.) The complaint alleges, among other things, that Defendants "desire to acquire interests" in Plaintiffs' property and that they are "seeking to wrongfully take their real property without paying compensation." (*Id.*) Nowhere in the complaint do Plaintiffs provide details about how Defendant's actions effected a taking or even when the taking allegedly occurred. The most detail provided in the complaint is that Defendants "in pursuit of the ditch improvement project, seek to take a[nd] create residual injury and damage to their real property by the appropriation of a fifteen (15) foot swath of real property along their southern property boundary with a perpetual drainage easement." (*Id.*, ¶ 4, PageID #2.) These facts reference actions

6

by Defendants that have not yet taken place and allude to a taking in the future. But a future taking does not give Plaintiffs a claim for a violation of the Takings Clause or for deprivation of their constitutional rights. *Knick*, 588 U.S. at 189.

Indeed, Plaintiffs admit that Defendants have not yet taken any interest in their property. (*Id.*, ¶ 10, PageID #3 ("Defendants have no recorded easement over [P]laintiffs' real property.").) All of Plaintiffs' claims are for future acts, not a taking that has occurred. Because Plaintiffs have not pleaded that a taking has occurred, they cannot state a claim for just compensation. *Knick*, 588 U.S. at 190 (quoting *United States v. Dow*, 357 U.S. 17, 22 (1958)). Plaintiffs are only entitled to just compensation at the time of a taking, which Plaintiffs have not shown has taken place. *Id.*

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss (ECF No. 10).

**SO ORDERED.**

Dated: November 24, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

7